# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **BROWSE3D LLC,** | |
| Plaintiff | **Case No. 6:19-cv-00403** |
| v. | **JURY TRIAL DEMANDED** |
| **CARTER'S, INC.,** | |
| Defendant | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brwose3D LLC ("Browse3D" or "Plaintiff") files this Complaint for patent infringement against Defendant Carter's, Inc. ("Carter's" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under 35 U.S.C. § 1 *et seq*.

## PARTIES

2.      Browse3D is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business 108 Wild Basin Rd South, Suite 250, Austin, Texas 78746.

3.      Upon information and belief, Defendant, Carter's, is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in this judicial district at 10515 N MoPac Expy #132, Austin, Texas 78759.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Defendant is subject to personal jurisdiction of this Court based upon it having regularly conducted business, including the acts complained of herein, within the State of Texas and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendants have committed acts of infringement and have regular and established places of business in this judicial district.

## COUNT I
### (Infringement of U.S. Patent No. 10,031,897)

7.      Browse3D incorporates paragraphs 1 through 6 as though fully set forth herein.

8.      Plaintiff is the owner, by assignment, of U.S. Patent No. 10,031,897 (the "'897 Patent"), entitled SYSTEM AND METHOD FOR WEB BROWSING, which issued on July 24, 2018. A copy of the '897 Patent is attached as Exhibit A.

9.      The '897 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10.     Defendant hosts and provides an interactive website at https://www.carters.com/ for advertising and promoting the sale of items to users of the website. In use, Defendant tracts user behavior when interacting with the website, including selection of individual hyperlinks. Defendant uses the user behavior information to customize the rendering of webpages to present information to the user. The Defendant's system for hosting and operating the website is the Accused Instrumentality that infringes the '897 Patent.

11.     At least by hosting, promoting, and publishing the website, Defendant encourages its customers, potential customers, and users of the website to use the website and practice the claimed methods, which Defendant controls the use of and derives a direct benefit and profit from.

12.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including Claim 10, of the '897 Patent by making and using Defendant's interactive website in the United States without authority. Defendant has infringed and continues to infringe the '897 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271. Defendant has been on notice of the '897 Patent at least as early as the date it received service of this complaint.

13.     Claim 10 recites:

10.     A method for web browsing comprising:

over a plurality of browsing sessions, monitoring browsing activity of a user at a particular web page that comprises a plurality of hyperlinks for hyperlinking from the particular web page;

determining a pattern of hyperlink usage of the user based on the monitored browsing activity;

determining a prioritized list of hyperlinks based on the determined pattern of hyperlink usage, wherein the prioritized list of hyperlinks comprises a subset of said plurality of hyperlinks, and wherein each hyperlink on the prioritized list links to a respective web page;

in an other browsing session, presenting a window that comprises a first area and a second area;

in the other browsing session, presenting the particular web page in the first

area of the window;

in the other browsing session, automatically requesting web page data for

the respective web pages; and

in the other browsing session, presenting in the second area each hyperlink

in the prioritized list of hyperlinks, wherein the presented hyperlinks

are positioned according to prioritization of the prioritized list, and

wherein the presented hyperlinks are presented as reduced size

images rendered using said requested web page data.

13.    Defendant, with use of the Accused Instrumentality, practices the claimed method for web browsing by hosting and providing the https://www.carters.com/ website:



14.    Over a plurality of browsing sessions, Defendant, with use of the Accused Instrumentality, monitors browsing activity of a user at a particular web page that comprises a plurality of hyperlinks for hyperlinking from the web page.







15.    Defendant, with use of the Accused Instrumentality, determines a pattern of hyperlink usage of the user based on the monitored browsing activity (e.g. "You May Also Like" is a list of items related to by not necessarily matching the items viewed.



16.    Defendant, with use of the Accused Instrumentality, determines a prioritized list of hyperlinks based on the determined pattered of hyperlink usage (e.g. "Recently Viewed").



17.    The prioritized list of hyperlinks comprises a subset of the plurality of hyperlinks (e.g. constitutes five items, items beyond five are dropped from the list in the order in which they are viewed). The hyperlink on the prioritized list links to a respective webpage (e.g. the image contains an embedded link to the respective webpage).





18.    When a user closes the original browsing session and opens a new one, Defendant, with use of the Accused Instrumentality, produces an other browsing session presenting a window that comprises a first area and a second area.





19.   The web page data for the respective web pages is automatically populated in the other browsing session.





20.     In the other browsing session, Defendant, with use of the Accused Instrumentality, presents in a second area each hyperlink in a prioritized list of hyperlinks (e.g. Recently Viewed). The presented hyperlinks are positioned according to prioritization of the prioritized list (e.g. most recent to earliest in a stack of items).



21.     The presented hyperlinks are presented as reduced size images rendered using said requested we page data.

22.    In the other browsing session, Defendant, with use of the Accused Instrumentality, presents in a second area each hyperlink in a prioritized list of hyperlinks (e.g. Recently Viewed). The presented hyperlinks are positioned according to prioritization of the prioritized list (e.g. most recent to earliest in a stack of items).











23.    The presented hyperlinks are presented as reduced size images rendered using said requested we page data.

24.    Over a plurality of browsing sessions, Defendant, with use of the Accused Instrumentality, monitors browsing activity of a user at a particular web page that comprises a plurality of hyperlinks for hyperlinking from the web page.

25.    Defendant, with use of the Accused Instrumentality, determines a pattern of hyperlink usage of the user based on the monitored browsing activity (e.g. "Recommended For You" is a list of items related to by not necessarily matching the items viewed).

26.     Defendant, with use of the Accused Instrumentality, determines a prioritized list of hyperlinks based on the determined pattered of hyperlink usage (e.g. "Recently Viewed").

27.     Browse3D has been damaged by Defendant's infringing activities.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant:

1.     declaring that the Defendant has infringed the '897 Patent;

2.     awarding Plaintiff its damages suffered as a result of Defendant's infringement of the '897 Patent;

3.     awarding Plaintiff its costs, attorneys' fees, expenses, and interest; and

4.     granting Plaintiff such further relief as the Court finds appropriate.

### JURY DEMAND

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated: July 3, 2019                          Respectfully submitted,


/s/ Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF
BROWSE3D LLC**